# EXHIBIT A

STATE OF NORTH CAROLINA FILED     IN THE GENERAL COURT OF JUSTICE
                                                                           SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG 2021 MAR -4 P 12: 20    21-CVS-**3309**

MECKLENBURG CO., C.S.C.

DIANE E. LAMPREY,   BY_____

          Plaintiff,

v.                                         **COMPLAINT**
                                        (Jury Demand)
CVS HEALTH CORPORATION;
CVS PHARMACY, INC.; and,
NORTH CAROLINA CVS PHARMACY, L.L.C.,

          Defendants.

       **NOW COMES** the Plaintiff, and for her cause of action against of the Defendants, would show the following unto the Court:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Diane E. Lamprey is a citizen and resident of Matthews, Mecklenburg County, North Carolina.

2. Defendant CVS Health Corporation (hereinafter referred to from time to time as "CVS Health") is a corporation organized under the laws of the State of Delaware, with its principal place at One CVS Drive, Woonsocket, Rhode Island 02895.

3. At all times relevant herein, CVS Health Corporation was a retail pharmacy with multiple places of business located in Mecklenburg County, as well as other counties in North Carolina. At all times relevant herein, Defendant CVS Health Corporation conducted business at 9915 Park Cedar Drive, Charlotte, NC 28210, also referred to as "CVS Pharmacy Store # 3319".

4. Defendant CVS Health has purposefully availed itself to the privilege of doing business in and throughout North Carolina by its operation of retail pharmacies, registration of various wholly owned subsidiaries, and marketing to consumers, such that there are more than sufficient minimum contacts with North Carolina and it should reasonably anticipate being hailed into court in North Carolina.

5. Defendant CVS Health is therefore subject to personal and subject matter jurisdiction based upon N.C.G.S.§ 1-75.4 (the North Carolina Long-Arm Statute) and sufficient minimum contacts.

6. Defendant CVS Pharmacy, Inc. (hereinafter referred to from time to time as "CVS Pharmacy"), is a corporation organized under the laws of the State of Rhode Island, with its principal place at One CVS Drive, Woonsocket, Rhode Island 02895.

7. At all times relevant herein, CVS Pharmacy, Inc., was a retail pharmacy with multiple places of business located in Mecklenburg County, as well as other counties in North Carolina. At all times relevant herein, Defendant CVS Pharmacy, Inc., conducted business at 9915 Park Cedar Drive, Charlotte, NC 28210, also referred to as "CVS Pharmacy Store # 3319".

8. Defendant CVS Pharmacy has a Registered Agent in North Carolina.

9. Defendant CVS Pharmacy is therefore subject to personal and subject matter jurisdiction based upon N.C.G.S.§ 1-75.4 (the North Carolina Long-Arm Statute) and sufficient minimum contacts.

10. Defendant North Carolina CVS Pharmacy, L.L.C. (hereinafter referred to from time to time as "NC CVS Pharmacy"), is a limited liability company organized under the laws of the State of North Carolina, with its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

11. At all times relevant herein, North Carolina CVS Pharmacy, L.L.C., was a retail pharmacy with multiple places of business located in Mecklenburg County, as well as other counties in North Carolina. At all times relevant herein, Defendant North Carolina CVS Pharmacy, L.L.C., conducted business at 9915 Park Cedar Drive, Charlotte, NC 28210, also referred to as "CVS Pharmacy Store # 3319".

12. Defendant North Carolina CVS Pharmacy, L.L.C., has a Registered Agent in North Carolina.

13. Together, CVS Health, CVS Pharmacy, Inc., and North Carolina CVS Pharmacy, L.L.C., may be referred to throughout this Complaint as "the CVS Defendants" or "the CVS Corporate Defendants".

14. At all times relevant to this action, Defendants, and each of them, were acting through their agents, employees, and others over whom they had the right and duty to supervise or control, and were members of a joint venture and are liable, jointly and severally, for the acts and omissions of their own employees or agents and those of other named Defendants.

15. This action arises out of the acts or omissions of the Defendants, their employees or agents, which proximately caused and resulted in injury to the Plaintiff in Mecklenburg County as set forth more fully herein.

16. Jurisdiction and venue are otherwise properly with this Honorable Court.

## FACTS

17. At all times relevant to this action the Defendants occupied, maintained and controlled the parcel of land located at 9915 Park Cedar Drive, in Pineville, North Carolina. The property is an approximate 1.46 acre parcel of land located at the corner of Park Road and Park Cedar Drive, and is also known by Parcel ID No. 22119402.

18. At some point prior to 2018, upon information and belief, a lease or other agreement(s) were in effect between Davis Investments, LLC, and one or more of the CVS Defendants to occupy the property and operate a CVS Pharmacy, known as CVS Pharmacy Store # 3319. Prior to 2018, and beginning in or about 1996 upon information and belief, the building and other improvements on the Park Cedar Drive property were constructed to begin operation of a retail pharmacy by the Defendants.

19. The photo below is an aerial view of the property:



20. At all times relevant to this action, the CVS Defendants occupied, maintained and controlled the above-referenced property at 9915 Park Cedar Drive, and owned and operated the CVS Pharmacy thereon.

21. At all times relevant to this action the Defendants exercised dominion and control over the property located at 9915 Park Cedar Drive, including maintenance and operations.

-3-

22. Between April 2014 and March 2015, the Defendants caused alterations or improvements to the then-existing parking lot and plaza or sidewalk area adjacent to the store.

23. Among those alterations or improvements were changes to the disabled or handicapped parking on the north side of the store, as demonstrated in the following images taken in April 2014 and April 2015:



(April 2014 Image)



(March 2015 Image)

24. Specifically, and as demonstrated in the above images, the alterations or improvements to the parking lot and sidewalk or plaza on the north side of the building included the addition of two (2) handicapped or disabled parking spaces, new signage, and changes to the curb between the parking lot and plaza or sidewalk adjacent to the building.

25. The above-referenced alterations or improvements to the property were made by persons or entities under the direction and control of the Defendants, constructed to their design specifications and requirements, signed off for and approved by the Defendants.

26. After the completion of the above-referenced alterations or improvements, the condition of the parking lot and sidewalk or plaza on the north side of the building, and specifically the curb and gutter area near the store entrance were dangerous, unsafe and posed an unreasonable risk of injury to CVS customers traversing the area.

27. Defendants CVS Health and CVS Pharmacy Inc., were on actual or constructive notice prior to the incident which forms the basis of this action, that similarly designed, constructed and approved parking areas were dangerous, unsafe, and posed an unreasonable risk of injury to CVS customers:

   a. At least one other CVS Pharmacy store in the Charlotte metropolitan area had similar parking lot and curb design, including the CVS Pharmacy located at 510 Tom Hall Street, Fort Mill, York County, South Carolina, which is located less than ten (10) miles away from the Park Cedar Drive store.

-5-

Case 3:21-cv-00147-FDW-DCK   Document 1-1   Filed 04/06/21   Page 6 of 13

b. On or about January 24, 2015, a customer fell and was injured as a result of the similarly maintained dangerous curb and ramp adjacent to the handicapped or disabled parking spots at the CVS Pharmacy located at 510 Tom Hall Street in Fort Mill, South Carolina.

c. On or about that same date, or shortly thereafter, the Fort Mill incident was reported to one or more store employees, and subsequently to the CVS Defendants' risk management department.

d. Sometime shortly after the Fort Mill incident, upon information and belief, an employee of that CVS Pharmacy caused the curb and ramp area to be painted with a contrasting color in order to warn customers of the change in elevation.

e. On or about April 13, 2016, a lawsuit was filed against a wholly owned subsidiary of Defendants CVS Health and CVS Pharmacy, Inc., in York County, South Carolina regarding the Fort Mill incident.

28. Despite their actual or constructive knowledge of the Fort Mill incident, the CVS Defendants permitted the dangerous condition at the Park Cedar Drive CVS Pharmacy in Pineville, North Carolina to persist without undertaking appropriate remedy or warning.

29. On or about March 10, 2018, Plaintiff went to the CVS Pharmacy at 9915 Park Cedar Drive in Pineville, North Carolina.

30. Plaintiff suffered from a disability and used a wheelchair to ambulate.

31. Plaintiff was driven to the CVS Pharmacy by a friend who parked in a standard size parking space because all three accessible spaces designated for handicapped parking on the north side of the building were occupied. Plaintiff crossed a concrete area with a smooth transition to the sidewalk adjacent to the store, and proceeded to the entrance doors to the store.

32. Upon exiting the store, Plaintiff turned right and proceeded across the concrete plaza toward the parking area. The first accessible handicapped or disabled parking space next to her intended path of travel was no longer occupied by a vehicle.

33. Unknown to Plaintiff, there was an abrupt drop-off at the unmarked concrete curb between the plaza and parking lot.

34. Plaintiff's view of her path of travel is demonstrated in the photo below, taken on March 10, 2018, after the incident:



35. As Plaintiff reached the curb, suddenly and without warning, her wheelchair tumbled forward from the walkway down into the parking space below, where she fell onto the concrete pavement, causing her to be seriously injured.

36. The concrete curb and gutter where Plaintiff fell was the same material, color, and texture as the concrete pavement in the accessible parking spaces, and the hazardous change in elevation was not readily apparent because it lacked adequate delineation.

37. Photos below, also taken on March 10, 2018, after the incident demonstrate (in addition to blood from Plaintiff's serious head injuries) the dangerous condition of the unmarked curb with abrupt drop-off adjacent to the handicapped or disabled parking area on the north side of the store:

-7-



## FIRST CAUSE OF ACTION
### Negligence

38. The allegations of paragraphs 1 through 37 are incorporated herein by reference as if fully set forth herein.

39. The Defendants owned, occupied, controlled and/or maintained the premises at 9915 Park Cedar Road, Pineville, North Carolina, at all times relevant to this action.

40. The Defendants owed to the Plaintiff and all other lawful visitors upon the property at 9915 Park Cedar Drive, a duty of reasonable care to avoid unnecessary exposure to a dangerous condition about which they had actual or constructive knowledge, and to warn lawful visitors of any hidden dangers.

41. The parking area, curb and plaza area at the CVS Pharmacy at 9915 Park Cedar Drive, as described herein, was a dangerous condition.

42. The Defendants had actual and/or constructive knowledge of the dangerous condition of the parking area, curb and plaza area as described herein.

43. The Defendants, through their employees, agents and others over whom they had the right to control or supervise, breached their duties to Plaintiff in that they:

    a. Failed to maintain the premises in a safe condition;

    b. Failed to take reasonable actions to correct of the condition;

    c. Failed to adequately warn Plaintiff and others about the dangerous condition of the parking area, curb and plaza area.

44. The parking area, curb and plaza area failed to comply with the North Carolina Building Code (2012), the 2009 Edition of Accessible and Usable Buildings and Facilities (ICC A117.1) and was in violation of the Americans with Disabilities Act, all of which prohibit unmarked, abrupt changes in elevation in an accessible means of egress walkway.

45. Plaintiff's injury was foreseeable to the Defendants and to any reasonable person exercising due care in the ownership and operation of similar retail premises.

46. The allegations contained in this complaint against the Defendants, also refer to and include their employees, agents and/or servants, both named and unnamed, pursuant to principals of agency and/or *respondeat superior*.

47. As a direct and proximate result of the negligence and other wrongful conduct of the Defendants, their agents and/or employees as described above, Plaintiffs suffered injuries and damages, all of which would not have occurred but for the negligence and wrongful conduct of the Defendants.

## DAMAGES

48. The allegations of paragraphs 1 through 47 are incorporated herein by reference as if fully set forth herein.

49. As a direct and proximate result of the negligent and other wrongful acts and/or omissions of the Defendants, Plaintiff sustained severe, painful, and permanent injuries to and about her body which would not have occurred but for the negligence and other wrongful conduct of the Defendants.

50. As a direct and proximate result of her injuries, Plaintiff has been forced to seek medical attention and treatment through private physicians, hospitals and other medical providers at considerable expense. She has also lost earnings and earning capacity as a result of her injuries.

51. As a further result of her injuries, Plaintiff has suffered and will continue to suffer physical pain and mental anguish, permanent injury and impairment, and other damages naturally flowing from the injuries proximately caused by the Defendants' negligence.

52. The negligence and other wrongful conduct of the Defendants as herein described, jointly and severally, is a proximate cause of the injuries herein alleged and of the Plaintiff's resulting damages.

53. As a direct and proximate result of Defendants' negligence and other wrongful conduct Plaintiff has suffered damages in excess of $25,000.00.

**WHEREFORE**, the Plaintiff respectfully pray the Court for relief as follows:

A. Plaintiff have and recover of the Defendants, jointly and severally, a fair and reasonable money sum to be determined by a jury based upon the evidence and in accordance with the law as instructed by the Court, for damages and personal injuries, incurred or to be incurred, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

B. That the costs of this action be taxed against the Defendants, jointly and severally, including a reasonable fee for the Plaintiff's attorney;

C.  That Plaintiff have and recover of the Defendants interest at the legal rate on any compensatory judgment from the date of the institution of this action, as provided by Sections 24-1 and 24-5 of the General Statutes of North Carolina; and,

D.  For such other, further and different relief to which the Plaintiff may be entitled under the law and facts of the case.

This the 4th day of March, 2021.

Randall J. Phillips
NC State Bar No. 36125
*Attorney for Plaintiff*

FOR THE FIRM:
**CHARLES G. MONNETT III & ASSOCIATES**
6842 Morrison Boulevard, Suite 100
Charlotte, NC 28211
(704) 376-1911 Telephone
(704) 376-1921 Facsimile
rphillips@carolinalaw.com
For electronic service only:
electronicservice@carolinalaw.com